OPINION
SLOVITER, Circuit Judge.
John Van Salisbury appeals a $152,500 penalty assessed by the United States Department of Commerce, National Oceanic and Atmospheric Administration (“NOAA”), for civil violations of the Mag-nuson-Stevens Fishery Conservation and Management Act (“Magnuson-Stevens Act”), 16 U.S.C. §§ 1801-1882. The District Court affirmed the assessment on cross motions for summary judgment. Van Salisbury claims the assessment was excessive and disproportionate to the wrongdoing, in violation of the Eighth Amendment Excessive Fines Clause. We will affirm.[1]
I.
Because we write primarily for the parties, our recitation of the facts is brief. Van Salisbury, a licensed New Jersey lob-sterman, owns arid operates the commercial fishing vessel Major Expense. In August 2004, after numerous complaints that Van Salisbury tampered with, damaged, and stole lobsters and fishing gear owned by other lobstermen, NOAA special agents opened an investigation and planned a sting operation; they placed 40 uniquely marked lobsters in traps adjacent to Van Salisbury’s. A search of the Major Expense revealed five uniquely marked lobsters in Van Salisbury’s catch.
NOAA brought an administrative action against Van Salisbury under the Magnu-son-Stevens Act for penalties and sanctions. Following a two-day hearing, a NOAA administrative law judge determined that Van Salisbury violated 16 U.S.C. §§ 1857(l)(K)(i) (prohibiting removal of and damage to protected fishing gear) and 1857(l)(K)(ii) (prohibiting theft of fish from protected fishing gear). The administrative law judge assessed a civil penalty of $152,500. Van Salisbury brought an action in the District Court under 16 U.S.C. § 1858(b) for judicial review; the District Court affirmed the assessment on cross motions for summary judgment.
The sole issue on appeal is whether the assessment was excessive in violation of the Eighth Amendment to the United States Constitution.[2]
II.
“Our review of a district court’s grant of summary judgment in favor of an administrative agency is de novo. ” Allegheny Def. Project, Inc. v. United States Forest Serv., 423 F.3d 215, 229 (3d Cir.2005). An agency’s determination will not be reversed unless it was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance "with law.” 5 U.S.C. § 706(2)(A).
The Eighth Amendment to the United States Constitution provides, “Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” U.S. CONST, amend. VIII. A monetary assessment imposed as *312 punishment is a “fine” within the meaning of the Excessive Fines Clause. See, e.g., United States v. Bajakajian, 524 U.S. 321, 327-34, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) (punitive forfeiture subject to Excessive Fines Clause scrutiny). Fines, like punitive forfeitures, are unconstitutionally excessive if “grossly disproportional to the gravity of a defendant’s offense.” Id. at 334, 118 S.Ct. 2028. An evaluation of proportionality must take into account legislative “judgments about the appropriate punishment for an offense....” Id. at 336, 118 S.Ct. 2028.
Van Salisbury violated the Magnuson-Stevens Act twice; each violation was punishable in August 2004, when the violations occurred, by a civil penalty of $120,000. 16 U.S.C. § 1858(a); Civil Monetary Penalties; Adjustment for Inflation, 65 Fed. Reg. 65260 (2000) (codified at 15 C.F.R. § 6.4). The administrative law judge assessed a penalty of $152,500 for both violations, a substantial amount but well below the statutory maximum. Applying Baja-kajian, the administrative law judge considered that Van Salisbury’s “acts were not accidental or unintentional” and that his prior citation for removing lobster traps rendered him “acutely aware of the proscriptions concerning fishing gear and lobsters.” Supp. App. at 19. In assessing the gravity of Van Salisbury’s offenses, the administrative law judge considered other factors, including economic harm to other lobstermen and documented potential for violent conflicts at sea. We conclude the civil penalty was not excessive; the agency’s assessment was proper.
III.
For the reasons stated above, we will affirm the District Court’s ruling.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

. Van Salisbury frames his argument as one of due process, but relies on Eighth Amendment jurisprudence, which is applicable.
Van Salisbury also makes a conclusory allegation that the District Court denied due process by granting summary judgment without a hearing. This allegation is unaccompanied by argument and is otherwise without merit. See, e.g., AD/SAT v. Associated Press, 181 F.3d 216, 226 (2d Cir.1999) ("a district court's decision whether to permit oral argument [on motions for summary judgment] rests within its discretion”).